# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AL J. EVANS, JR.,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-1221-22-0097-W-1 |
| 　　　　v. | |
| DEPARTMENT OF HOMELAND<br>　　SECURITY,<br>　　　　　　Agency. | DATE:  November 29, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Al J. Evans, Jr., Frisco, Texas, pro se.

Teena Mathew Makil, Esquire, Irving, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied corrective action in his individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On review, the appellant reasserts many of the same arguments that he made before the administrative judge. Petition for Review (PFR) File, Tab 1 at 5-12. He also asserts the following: (1) the Board should consider new and material evidence submitted with his petition for review; (2) the administrative judge failed to consider his claim that his supervisor threatened to remove him in retaliation for engaging in protected activity; (3) the administrative judge erred in requiring the appellant to prove that the agency officials responsible for taking the personnel actions had knowledge of his protected activity; (4) the administrative judge failed to consider the appellant's claims under 5 U.S.C. § 2302(b)(4) and (b)(8); and (5) the administrative judge erred in denying the appellant's request for subpoenas and his motion to compel the agency to provide further discovery responses. *Id.*

¶3 First, we consider the document submitted with the appellant's petition for review. PFR File, Tab 2 at 4-11. The document is dated June 4, 2021, more than 6 months before the appellant filed his initial appeal. Initial Appeal File (IAF), Tab 1; PFR File, Tab 2 at 4. The appellant has not explained why the information was not available to him prior to the close of the record despite his due diligence, and we therefore find that it does not constitute new and material evidence. PFR

File, Tab 1 at 6; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980) (stating that the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence); 5 C.F.R. § 1201.115(d).

¶4    Second, we agree with the administrative judge's finding that the appellant did not exhaust with the Office of Special Counsel (OSC) his claim that his supervisor threatened to remove him in retaliation for engaging in protected activity, and the Board therefore lacks jurisdiction to address it.  IAF, Tab 10 at 4, Tab 14 at 1-2; *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011) (stating that, in an IRA appeal, the Board may only consider personnel actions that the appellant raised before OSC).  The appellant has not shown that he provided OSC with sufficient basis to pursue an investigation into such an issue.  *See Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11.

¶5    Third, we consider the appellant's argument that the administrative judge applied an incorrect legal standard, requiring him to prove that the management officials he accused of retaliation had knowledge of his protected activity.  PFR File, Tab 1 at 6-7.  The appellant has misconstrued the administrative judge's findings.  Although she considered that the appellant did not prove that the responsible management officials had knowledge of his protected activity as one factor, she concluded that, based on the entire record, the appellant failed to show by circumstantial evidence that his protected activity was a contributing factor to the personnel actions.  IAF, Tab 26, Initial Decision (ID) at 8-16.  She considered that the agency's explanations for taking the personnel actions were strong and that the officials did not have motive to retaliate against the appellant.  ID at 9-16; *see Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012) (explaining that if the appellant fails to meet the knowledge/timing test, the administrative judge shall consider other evidence such as the strength or

weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant). We find that the administrative judge applied the correct legal standard, and we agree with her conclusion that the appellant failed to prove that his protected activity was a contributing factor to the personnel actions.

¶6 Fourth, the appellant argues that the law that "should apply" to his appeal is 5 U.S.C. § 2302(b)(4) and (b)(8). PFR File, Tab 1 at 6-7. To the extent the appellant is asking the Board to review a claim that the agency violated 5 U.S.C. § 2302(b)(4) by obstructing his right to compete for employment in March 2018, before he engaged in protected activity, the Board lacks jurisdiction to hear such a claim. *See Schmidt v. Department of the Interior*, 153 F.3d 1348, 1356 (Fed. Cir. 1998) ("Section 2302(b)(4) cannot establish Board jurisdiction because § 2302(b) is not an independent source of appellate jurisdiction and does not by itself authorize an appeal to the Board."). To the extent the appellant is arguing that his complaints to the Office of Inspector General (OIG) are protected disclosures under § 2302(b)(8) because he was disclosing a violation of § 2302(b)(4), we find that it is unnecessary to resolve whether complaints, which the administrative judge found were protected under § 2302(b)(9), are also covered by § 2302(b)(8) because, in any event, we agree with the administrative judge's finding that the appellant failed to prove that his OIG complaints were a contributing factor to the personnel actions. ID at 8-16.

¶7 Finally, we consider the appellant's argument that the administrative judge erred in denying his motion to compel and request for subpoenas. PFR File, Tab 1 at 7. The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). The appellant has not established that the administrative judge abused her discretion in denying the appellant's motion to compel and request for

subpoenas, which were not timely filed in accordance with 5 C.F.R. § 1201.73(d)(3). IAF, Tab 20; *see Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 15 (2015) (finding the administrative judge did not abuse her discretion in denying an untimely motion to compel). Insofar as the appellant alleges that the agency failed to turn over relevant documents in addition to the categories of information identified in his motion to compel, i.e., attendance at the Integrity Briefing meeting, PFR File, Tab 1 at 10, we find that he has failed to preserve that objection for review, IAF, Tab 16 at 4-14; *see Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (stating that an appellant is precluded from raising a discovery issue for the first time on review), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006). Based on the foregoing, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Jennifer Everling_

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.